# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40572

JUAN JOSE PEREZ, III,

Plaintiff-Appellant

v.

LARRY G. SPENCE, Sheriff of Willacy County, his individual capacity; LUPE OLIVAREZ, Sergeant, his individual capacity; N/UNKNOWN COY, Sergeant, his individual capacity; IRMA AMBRIZ, Nurse, her individual capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CV-230

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2016

Lyle W. Cayce
Clerk

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Jose Perez, III, now Texas prisoner # 1717846, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's grant of summary judgment and dismissal of his 42 U.S.C. § 1983 complaint. Perez filed a civil rights complaint against employees of the Willacy County Jail alleging that they violated his rights while he was a pretrial detainee. Perez's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion is a challenge to the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Without any citation to the record and without providing any factual background, Perez makes conclusory assertions that the district court erred in failing to appoint counsel and an investigator to assist with his complaint.  He does not address the district court's reasons for granting summary judgment on the substance of his claims against the defendants that they were deliberately indifferent to his serious medical needs, they violated provisions of the Americans with Disabilities Act, they retaliated against him, and they failed to train officials to handle medical needs of pretrial detainees.

Perez has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  This court's dismissal of these appeals as frivolous count as one strike under 28 U.S.C. § 1915(g).  Perez is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.